# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

ARLETA WATSON, )
       )
  Plaintiff, )
       )
-vs- ) Case No. CIV-20-1011-F
       )
VICI COMMUNITY DEVELOPMENT )
CORP. and CINDY ARNOLD, )
       )
  Defendants. )

## ORDER

Plaintiff Arleta Watson, a tenant at Vici Manor Apartments, moves for a preliminary injunction. Doc. no. 12.[1] Defendants Vici Community Development Corp. (Vici) and Cindy Arnold have responded, objecting to relief. Doc. no. 14. Vici is the alleged owner of Vici Manor Apartments, a sixteen-unit housing complex in Vici, Oklahoma. Doc. no. 1, ¶ 23. Arnold allegedly serves the apartments in a management capacity. Plaintiff did not file a reply brief.

For the reasons stated below, the motion for a preliminary injunction will be denied in part and stricken in part.

## The Complaint

This action alleges that defendants violated state and federal laws in relation to plaintiff, a disabled tenant of an apartment located in Vici, Oklahoma. Doc. no. 1, ¶ 23. As summarized in the first paragraph of the complaint, plaintiff alleges

---

[1] Originally the motion also sought a temporary restraining order. During the November 5, 2020 conference call, there was no objection to the court's proposal to treat the motion as seeking only preliminary injunctive relief. *See*, doc. no. 13. Accordingly, the request for a TRO will be stricken as moot.

claims under the CARES Act, 15 U.S.C. §9058, and the United States Department of Agriculture, Rural Development Division, Multifamily Housing Regulations, 7 C.F.R. § 3560 *et seq*. *Id*. at ¶ 1.  The complaint seeks damages and injunctive relief under the Fair Housing Act and the Fair Housing Amendments Act, 42 U.S.C. §§3601-19; the Oklahoma Discrimination in Housing Act, 25 O.S. §§ 1451 *et seq*.; the Rehabilitation Act of 1973, § 504; the Oklahoma Residential Landlord and Tenant Act, 41 O.S. § 101 *et seq*.; and the Oklahoma Consumer Protection Act, 15 O.S. §§751 *et seq*.  Paragraph 1 of the complaint also refers to common law breach of contract.

Facts alleged in support of the above claims include (but are not limited to) the following.

> --   Plaintiff has permanent mobility issues due to knee impairments and has other physical and mental impairments.  Doc. no. 1, ¶ 26.
>
> --   Defendants are attempting to deny housing to the plaintiff, a renter, because of her disability, and because of her association with another disabled person. *Id.* at ¶¶ 2-3.
>
> --   Defendants are discriminating against the plaintiff by refusing to grant reasonable accommodations necessary because of plaintiff's disability. *Id.* at ¶ 6.
>
> --   Defendants are retaliating against plaintiff because she has exercised rights protected by the Fair Housing Act, the Rehabilitation Act of 1973, and the Oklahoma Discrimination in Housing Act, and because she has assisted another individual with enforcing rights protected by those acts. *Id*. at ¶¶ 7-8.
>
> --   Defendants have filed forcible entry and detainer actions against plaintiff in violation of federal rules and regulations, and in violation of the Oklahoma Residential Landlord Tenant Act. *Id*. at ¶ 10.

-- Defendants have failed to comply with federal rules and regulations by refusing to renew plaintiff's tenancy without cause, and by refusing to adhere to procedures for nonrenewal and termination of tenancies. *Id*. at ¶¶ 11-12.

-- Defendants have filed an eviction action without issuing proper written notices in violation of the CARES Act. *Id*. at ¶ 15.

-- Defendants have harassed plaintiff by making repeated, unreasonable and unlawful demands for entry into the plaintiff's rental unit, in violation of the Oklahoma Residential Landlord and Tenant Act. *Id.* at ¶ 17.

### The Motion

As plaintiff explains in the introduction to her motion, she seeks a preliminary injunction with respect to two, specific matters. Doc. no. 12, p. 1.

First, plaintiff asks the court to enjoin the District Court for Dewey County, State of Oklahoma, from engaging in eviction actions against plaintiff which seek to remove her from the leased premises.[2] The Forcible Entry and Detainer (FED) Affidavits filed by Vici in state court identify the premises as apartment 16 in the Vici Manor Apartments, located in Vici, Oklahoma. Doc. no. 12-3 and 12-5.

Second, plaintiff asks the court to restrain defendants from making what plaintiff describes as "repeated" and "unreasonable" demands for entry into her dwelling to conduct inspections. This is a request for the court to enjoin defendants from notifying plaintiff of any non-emergency[3] inspections of her apartment while

---

[2] The motion also seeks to restrain the defendants (and their agents, etc.) from engaging in any eviction actions against the plaintiff to remove her from the leased premises. Doc. no. 12, p. 1. This request is, in effect, the same thing as the request to restrain the state court because, if defendants cannot participate in the FED actions, then the state court cannot proceed.

[3] *See*, doc. no. 12, p. 9, ¶62 ("After agreeing to accommodate the Plaintiff, the Defendants repeatedly and continually demand entry into the Plaintiff's unit for the purposes of performing monthly inspections and other non-emergency reasons.").

3

the pandemic continues, given defendants' prior agreement to halt such inspections as an accommodation to plaintiff's disability.

## Standards

Rule 65(a), Fed. R. Civ. P., authorizes the court to issue a preliminary injunction on notice to the adverse party. Although Rule 65 addresses a hearing, it does not require a hearing in every instance. For example, a court may deny an injunction based on the written evidence, even if a hearing has been requested, if receiving further evidence would be pointless. Strickland v. Madden Sales and Service, Inc., 2020 WL 2814434, *2 (D. New Mex. May 8, 2020), collecting authorities.

To obtain a preliminary injunction, plaintiff must establish: (1) a substantial likelihood of success on the merits;[4] (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. Utah Licensed Beverage Ass'n v. Leavitt, 256 F.3d 1061, 1065-66 (10th Cir. 2001). Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal. Id. at 1066.

Moreover, when a movant asks the federal court to enjoin a state court, as plaintiff does to the extent she seeks to enjoin current or future FED proceedings, the federal court cannot grant relief unless the proposed injunction comes within one of three exceptions set out in the Anti-Injunction Act. As provided in that Act:

> A court of the United States may not grant an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where necessary in

---

[4] Defendants argue a "substantial likelihood of success" must be shown. Plaintiff's brief refers to a "substantial likelihood" of success (although it also refers to a "likelihood of success," citing Oklahoma cases.) Doc. no. 12, pp. 17-18. The court believes the proper standard is the "substantial likelihood" standard. Either way, the result stated in this order would be the same, because it does not depend on the likelihood-of-success part of the analysis.

4

aid of its jurisdiction, or [3] to protect or effectuate its judgments.

28 U.S.C. § 2283.

### 1. Request to Enjoin the State Court

Plaintiff's request to enjoin the state court arises because two FED actions, filed by Vici against plaintiff in the District Court of Dewey County, are currently pending, seeking to evict plaintiff from her apartment. *See*, doc. no. 12, ex-3 (SC-19-14, FED affidavit filed June 5, 2019), and doc. no. 12, ex-5 (SC-20-14, FED affidavit filed August 25, 2020).[5] Plaintiff relies on the second exception to the Anti-Injunction Act for her ability to enjoin these state-court actions.[6] *See*, doc. no. 12, p. 24. That exception provides that a federal court may enjoin a state court "where necessary in aid of [the federal court's] jurisdiction." Plaintiff contends she comes within this exception because defendants filed the FED actions "to further their discriminatory conduct against the Plaintiff" and because this court must enjoin the state FED actions "to stop a discriminatory action [*i.e.* her eviction] that is about to happen." *Id*. at pp. 23-24.

Defendants respond, arguing it is not necessary to stay the FED actions "in aid of [this federal court's] jurisdiction." They argue that the two FED actions, which defendants say will be heard together in state court, relate to the issue of

---

[5] Defendants filed the second FED action to correct what plaintiff contended was a jurisdictional problem with the first FED action based on the manager's failure to sign the FED affidavit. Doc. no. 14, p.3, n.1.

[6] Moreover, the first exception does not apply because none of the federal statutes relied on in plaintiff's motion expressly authorize a federal court to enjoin proceedings in a state court. (Defendants provide authorities for this proposition in doc. no. 14, pp. 4-6, which plaintiff has not disputed.) The third exception to the Anti-Injunction Act's prohibition permits injunctions of state courts to protect or effectuate judgments of the federal court. This exception does not apply because no judgments have been issued.

possession of the apartment and should be decided separately from the claims brought by plaintiff in this federal action.

Defendants also point to 12 O.S. 2011 §1148.1, which provides as follows.

> The district court shall have jurisdiction to try all actions for the forcible entry and detention, or detention only, of real property, and claims for the collection of rent or damages to the premises, or claims arising under the Oklahoma Residential Landlord and Tenant Act, may be included in the same action, but other claims may not be included in the same action. A judgment in an action brought under this act shall be conclusive as to any issues adjudicated therein, but it shall not be a bar to any other action brought by either party.

Defendants argue that because this statute limits the FED actions to certain types of claims (for possession, past due rent, damages to the premises, and claims arising under the Oklahoma Residential Landlord and Tenant Act), any other types of claims, such as plaintiff's Fair Housing Act claim alleged in this federal action, should be adjudicated separately.  In addition, the court notes § 1148.1's provision that a judgment in an FED action, while conclusive as to any issues adjudicated in that action, cannot be used to bar any other action, brought by either party.  This provision would seem to weigh against plaintiff's argument that that the FED actions, if not enjoined, would infringe the federal court's jurisdiction in this federal case.

If the FED actions move forward in state court, plaintiff will presumably press, in those actions, whatever defenses to eviction she believes are available to her.  Plaintiff's answer, affirmative defenses, and motion to dismiss filed in state court (on October 20, 2020 in SC-20-14) illustrate the overlap between the underlying factual matters potentially relevant to plaintiff's defenses in the FED actions, and plaintiff's underlying factual allegations in this federal action.  For example, plaintiff defends the FED action by alleging that Vici seeks to evict her in

furtherance of Vici's intention to deny housing in retaliation for Watson's exercise of rights protected under the fair housing laws, and that Vici seeks to evict Watson despite Vici's failure to comply with state and federal lease-termination and notice requirements, including requirements under the CARES Act. All of that said, the court concludes that the overlap does not compromise <u>the jurisdiction</u> of this court to determine the claims before it.

Consistent with this conclusion, some courts have held that a plaintiff's ability to pursue overlapping defenses in state court is a factor which weighs against a finding that it is necessary for the federal court to enjoin the state court in aid of the federal court's jurisdiction. *See*, <u>Kristopher v. Stone Street Properties, LLC</u>, 2013 WL 499752, *4 (S.D.N.Y. Jan. 29, 2013) (court denied plaintiff's motion to preliminary enjoin defendants from moving forward with eviction proceedings in state housing court; court rejected plaintiff's reliance on the "in aid of jurisdiction" exception to the Anti-Injunction Act, noting plaintiff could raise her claim that defendants had violated the Fair Housing Act as an affirmative defense in the eviction proceeding; court stated that even if the defense was severed by the state housing court, severance would not impact the Anti-Injunction Act analysis).

Some courts have also held that the "in aid of jurisdiction" exception to the Anti-Injunction Act applies only in two circumstances: (1) when the district court has exclusive jurisdiction over the action because it has been removed from state court; or 2) when the state court entertains an *in rem* action involving a res over which the federal district court has already been exercising jurisdiction in an *in rem* action. *See*, *e.g.*, <u>In re Bayshore Ford Trucks Sales, Inc.</u>, 471 F.3d 1233, 1251 (11th Cir. 2006). Neither circumstance applies here.

In short, the court rejects plaintiff's reliance on the "in aid of jurisdiction" exception to the Anti-Injunction Act. As no other exception is argued-for by the plaintiff (or would apply, if plaintiff had urged it), the Anti-Injunction Act prohibits

7

this court from preliminarily enjoining any eviction actions by which Vici seeks to remove Watson from the subject premises.[7] Accordingly, the motion for preliminary injunctive relief will be denied.

Alternatively, even if this court could enjoin the state court under one of the exceptions to the Anti-Injunction Act, it would not do so at this time. As of the writing of this order, the docket sheets for the FED actions show no activity in those cases after October 19 or 20, 2020. Nor does it appear that any future proceedings have been set. And, on July 31, 2019, the state court entered an order in SC-19-14, granting Watson's "Motion to Stay the Proceeding Pending the Resolution of the Administrative Investigation and the Impending Federal Case." There is no indication in this record that the state court intends to move forward in the FED actions anytime soon or that it will not hold those actions in abeyance pending adjudication (or other disposition) of this federal action. In these circumstances, plaintiff has not shown (or made arguments which suggest she could show, if a hearing were held) that she will suffer irreparable harm unless this court enjoins the state court.

To summarize, plaintiff has not brought her request to enjoin the state court within an exception to the Anti-Injunction Act. Nor has she shown or presented arguments which suggest that she will suffer irreparable injury unless this court enjoins the state court. For these reasons, either of which would be sufficient standing alone, the court will deny plaintiff's request to preliminary enjoin eviction proceedings in state court.

---

[7] *And see*, Rhett v. Division of Housing Dept. of Community Affairs, 2014 WL 7051787, *3, n.2 (D. N. J. Dec. 12, 2014) (plaintiff sought to enforce housing contract in federal court bringing claims under § 504 of the Rehabilitation Act, Title VI, and the Americans with Disabilities Act; plaintiff asked the federal court to terminate New Jersey eviction proceedings or transfer those proceedings to federal court; court held complaint failed to state a claim and that the Anti-Injunction Act prohibited relief with respect to eviction proceedings).

### 2. Request to Enjoin Defendants' Demands for Entry

The second type of preliminary relief sought by plaintiff is an injunction prohibiting defendants' "repeated" and "unreasonable" demands for entry into plaintiff's apartment. Plaintiff argues that as a reasonable accommodation for her disability, she asked defendants to halt entries into her apartment during the COVID-19 pandemic. Doc. no. 12, p. 20. She states that defendants agreed but later made repeated requests for entry, which plaintiff contends are unlawful, unreasonable and harassing. Based on these arguments, plaintiff contends she is likely to prevail on her harassment claims, and she asks the court to enjoin future demands by the defendants to enter her apartment for non-emergency reasons while the pandemic continues.

Defendants argue that the complaint alleges the specifics of only one notice for an inspection,[8] and that one demand for entry cannot constitute harassment. Defendants further argue that the noticed inspection did not occur because plaintiff's counsel contacted defendants' counsel after the September 14 notice was received by plaintiff, at which time the parties agreed to halt non-emergency inspections of plaintiff's apartment during the pandemic. Accordingly, defendants argue that far from harassing plaintiff based on her disability, they have acceded to her request for an accommodation and have agreed to stop non-emergency demands for entry during the pandemic.

Based on the representations of defendants' counsel, as officers of the court, that this aspect of the motion for a preliminary injunction is moot. Defendants' counsel have represented that their clients will not seek to inspect plaintiff's

---

[8] *See, e.g.*, doc. no. 1, ¶¶ 142-145 (alleging that the most recent notice occurred on September 14, 2020, when defendants left an inspection notice on plaintiff's patio furniture under a rock; plaintiff alleges the notice informed her defendants would enter her apartment on the morning September 15, 2020 to conduct an inspection, although the parties were scheduled to appear in court in Dewey County on the afternoon of September 15, 2020).

apartment for non-emergency reasons while the pandemic continues.  Given the court's confidence that defendants' counsel will ensure compliance with this agreement, plaintiff's request for an injunction prohibiting non-emergency demands for entry is moot.

This aspect of the motion for preliminary relief will be stricken as moot, without prejudice to re-urging if defendants do not uphold their part of the bargain.

## Conclusion

After careful consideration, plaintiff's motion for a preliminary injunction is **DENIED IN PART** and **STRICKEN IN PART**, as follows.  Doc. no. 12.

To the extent plaintiff asks the court to preliminary enjoin the District Court for Dewey County, State of Oklahoma, from hearing or proceeding in any FED actions brought by Vici against Watson which seek to evict Watson from the apartment in question, the motion is **DENIED**.

To the extent plaintiff asks the court to preliminarily enjoin defendants from making non-emergency demands for entry into plaintiff's apartment during the COVID-19 pandemic, the motion is **STRICKEN** as moot.

To the extent the motion originally sought a temporary restraining order, it is **STRICKEN** as moot.

The court, by separate order, will set this action for a status and scheduling conference.  Counsel should come to the conference prepared to discuss the usual scheduling matters as well as the possibility that the court may refer this action to a magistrate judge for a settlement conference.

IT IS SO ORDERED this 15th day of December, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-1011p002.docx