## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARLETA WATSON, | ) |
| Plaintiff, | ) |
| vs. | )   Case No. CIV-20-1011-F |
| VICI COMMUNITY DEVELOPMENT CORP. and CINDY ARNOLD, | ) |
| Defendants. | ) |

### VERDICT FORM

We, the jury, empaneled and sworn in the above-entitled cause, do, upon our oaths, find as follows:

PLEASE COMPLETE ALL OF PART A.

PART A — PLAINTIFF'S DISCRIMINATION CLAIMS UNDER FAIR HOUSING ACT (FHA) AND OKLAHOMA DISCRIMINATION IN HOUSING ACT (ODHA) AND RETALIATION CLAIMS UNDER FHA AND OKLAHOMA ANTI-DISCRIMINATION ACT (OADA)

1. FHA SECTION 3604(c) AND ODHA SECTION 1452(A)(3) DISCRIMINATION CLAIMS – NOTICE OR STATEMENT

AS TO DEFENDANT VICI COMMUNITY DEVELOPMENT CORPORATION

Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her discrimination claim under section 3604(c) of the Fair Housing Act against the defendant Vici Community Development Corporation (check one):

☒ Yes

☐ No

1

Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her discrimination claim under section 1452(A)(3) of the Oklahoma Discrimination in Housing Act against the defendant Vici Community Development Corporation (check one):

     ☑    Yes
     ❑    No

## AS TO DEFENDANT CINDY ARNOLD

Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her discrimination claim under section 3604(c) of the Fair Housing Act against the defendant Cindy Arnold (check one):

     ☑    Yes
     ❑    No

Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her discrimination claim under section 1452(A)(3) of the Oklahoma Discrimination in Housing Act against the defendant Cindy Arnold (check one):

     ☑    Yes
     ❑    No

**2. FHA SECTION 3604(f)(1)(A) AND ODHA SECTION 1452(A)(1) DISCRIMINATION CLAIMS – MAKING HOUSING UNAVAILABLE**

**AS TO DEFENDANT VICI COMMUNITY DEVELOPMENT CORPORATION**

Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her discrimination claim under section 3604(f)(1)(A) of the Fair Housing Act against the defendant Vici Community Development Corporation (check one):

      ☑    Yes
      ☐    No

Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her discrimination claim under section 1452(A)(1) of the Oklahoma Discrimination in Housing Act against the defendant Vici Community Development Corporation (check one):

      ☑    Yes
      ☐    No

**AS TO DEFENDANT CINDY ARNOLD**

Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her discrimination claim under section 3604(f)(1)(A) of the Fair Housing Act against the defendant Cindy Arnold (check one):

      ☑    Yes
      ☐    No

Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her discrimination claim under section 1452(A)(1) of the Oklahoma Discrimination in Housing Act against the defendant Cindy Arnold (check one):

    ☑    Yes

    ❑    No

3. <u>FHA SECTION 3604(f)(2)(A) AND ODHA SECTION 1452(A)(2) DISCRIMINATION CLAIMS – TERMS, CONDITIONS AND PRIVILEGES OF RENTAL OF HOUSING</u>

<u>AS TO DEFENDANT VICI COMMUNITY DEVELOPMENT CORPORATION</u>

Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her discrimination claim under section 3604(f)(2)(A) of the Fair Housing Act against the defendant Vici Community Development Corporation (check one):

    ☑    Yes

    ❑    No

Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her discrimination claim under section 1452(A)(2) of the Oklahoma Discrimination in Housing Act against the defendant Vici Community Development Corporation (check one):

    ☑    Yes

    ❑    No

## AS TO DEFENDANT CINDY ARNOLD

Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her discrimination claim under section 3604(f)(2)(A) of the Fair Housing Act against the defendant Cindy Arnold (check one):

      ☑     Yes

      ☐     No

Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her discrimination claim under section 1452(A)(2) of the Oklahoma Discrimination in Housing Act against the defendant Cindy Arnold (check one):

      ☑     Yes

      ☐     No

4. **FHA SECTION 3604(f)(3)(B) AND ODHA SECTION 1452(A)(16)(b) DISCRIMINATION CLAIMS – REFUSAL TO MAKE REASONABLE ACCOMMODATION**

## AS TO DEFENDANT VICI COMMUNITY DEVELOPMENT CORPORATION

Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her discrimination claim under section 3604(f)(3)(B) of the Fair Housing Act against the defendant Vici Community Development Corporation (check one):

      ☑     Yes

      ☐     No

Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her discrimination claim under section 1452(A)(16)(b) of the Oklahoma Discrimination in Housing Act against the defendant Vici Community Development Corporation (check one):

      ☑    Yes

      ❑    No

## AS TO DEFENDANT CINDY ARNOLD

Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her discrimination claim under section 3604(f)(3)(B) of the Fair Housing Act against the defendant Cindy Arnold (check one):

      ☑    Yes

      ❑    No

Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her discrimination claim under section 1452(A)(16)(b) of the Oklahoma Discrimination in Housing Act against the defendant Cindy Arnold (check one):

      ☑    Yes

      ❑    No

5. <u>FHA   SECTION   3617   RETALIATION   CLAIM   —   REASONABLE
ACCOMMODATION REQUEST & FILING HUD COMPLAINT</u>

<u>AS TO DEFENDANT VICI COMMUNITY DEVELOPMENT CORPORATION</u>

Has the plaintiff Arleta Watson proven by the greater weight of the evidence
each of the essential elements of her retaliation claim under section 3617 of the
Fair Housing Act against the defendant Vici Community Development Corporation
(check one):

    ☑    **Yes**

    ☐    **No**

IF YOU HAVE ANSWERED "YES," PLEASE SELECT THE RIGHT EXERCISED BY
PLAINTIFF AND THE INTENTIONAL CONDUCT BY DEFENDANT YOU HAVE FOUND
PROVEN BY THE GREATER WEIGHT OF THE EVIDENCE (check one or both
boxes).

    ☑    **Requesting a reasonable accommodation (the right) & Refusing
to renew apartment lease or recertify for housing (the
intentional conduct)**

    ☑    **Filing a HUD discrimination complaint (the right) & Refusing to
accept tendered rent starting in July 2019 (the intentional
conduct)**

<u>AS TO DEFENDANT CINDY ARNOLD</u>

Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her retaliation claim under section 3617 of the Fair Housing Act against the defendant Cindy Arnold (check one):

☑ Yes

☐ No

IF YOU HAVE ANSWERED "YES," PLEASE SELECT THE RIGHT EXERCISED BY PLAINTIFF AND THE INTENTIONAL CONDUCT BY DEFENDANT YOU HAVE FOUND PROVEN BY THE GREATER WEIGHT OF THE EVIDENCE (check one or both boxes).

☑ Requesting a reasonable accommodation (the right) & Refusing to renew apartment lease or recertify for housing (the intentional conduct)

☑ Filing a HUD discrimination complaint (the right) & Refusing to accept tendered rent starting in July 2019 (the intentional conduct)

6. <u>OADA SECTION 1601(1) RETALIATION CLAIM – FILING HUD COMPLAINT</u>

<u>AS TO DEFENDANT VICI COMMUNITY DEVELOPMENT CORPORATION</u>

Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her retaliation claim under section 1601(1) of the Oklahoma Anti-Discrimination Act against the defendant Vici Community Development Corporation, consisting of filing a HUD discrimination complaint (protected activity) & refusal to accept tendered rent starting in July 2019 (adverse action)?

(check one):

    ☑    **Yes**

    ❏    **No**

## AS TO DEFENDANT CINDY ARNOLD

Has the plaintiff Arleta proven by the greater weight of the evidence each of the essential elements of her retaliation claim under section 1601(1) of the Oklahoma Anti-Discrimination Act against the defendant Cindy Arnold, consisting of filing a HUD discrimination complaint (protected activity) & refusal to accept tendered rent starting in July 2019 (adverse action)?

    **(check one):**

    ☑    **Yes**

    ❏    **No**

**PLEASE ANSWER PART B <u>ONLY</u> IF YOU HAVE ANSWERED "YES" FOR <u>ANY</u> OF PLAINTIFF'S CLAIMS UNDER THE FAIR HOUSING ACT, OKLAHOMA DISCRIMINATION HOUSING ACT, AND OKLAHOMA ANTI-DISCRIMINATION ACT AGAINST EITHER DEFENDANT. IF YOU HAVE ANSWERED "NO" ON <u>ALL</u> OF HER CLAIMS AGAINST BOTH DEFENDANTS, PLEASE PROCEED TO PART D.**

## PART B – COMPENSATORY OR NOMINAL DAMAGES FOR FHA, ODHA, AND OADA CLAIMS

### COMPENSATORY DAMAGES

We, the jury, award the plaintiff Arleta Watson compensatory damages (for emotional pain and mental anguish) in the amount of $ <u>2700</u>

OR

### NOMINAL DAMAGES

We, the jury, <u>do not</u> find that the plaintiff Arleta Watson should be awarded compensatory damages and award her nominal damages of:

$<u>             </u> (must be $1.00, if applicable)

PLEASE ANSWER SUBSECTION A OF PART C <u>ONLY</u> IF YOU HAVE ANSWERED "YES" FOR <u>ANY</u> OF PLAINTIFF'S CLAIMS UNDER THE FAIR HOUSING ACT AGAINST EITHER DEFENDANT AND HAVE AWARDED COMPENSATORY OR NOMINAL DAMAGES.

IF YOU HAVE ANSWERED "YES" ON ANY OF PLAINTIFF'S CLAIMS UNDER THE FAIR HOUSING ACT ONLY AS TO ONE DEFENDANT, YOU NEED NOT ANSWER SUBSECTION A OF PART C AS TO THE OTHER DEFENDANT.

PLEASE ANSWER SUBSECTION B OF PART C <u>ONLY</u> IF YOU HAVE ANSWERED "YES" FOR <u>ANY</u> OF PLAINTIFF'S CLAIMS UNDER THE OKLAHOMA DISCRIMINATION IN HOUSING ACT OR OKLAHOMA ANTI-DISCRIMINATION ACT AGAINST EITHER DEFENDANT AND AWARDED COMPENSATORY OR NOMINAL DAMAGES.

IF YOU HAVE ANSWERED "YES" ON ANY OF PLAINTIFF'S CLAIMS UNDER THE OKLAHOMA DISCRIMINATION IN HOUSING ACT OR OKLAHOMA ANTI-DISCRIMNATION ACT ONLY AS TO ONE DEFENDANT, YOU NEED NOT ANSWER SUBSECTION B OF PART C AS TO THE OTHER DEFENDANT.

<u>PART C – PUNITIVE DAMAGES – FIRST STAGE</u>

<u>SUBSECTION A – CLAIMS UNDER THE FAIR HOUSING ACT</u>

<u>AS TO DEFENDANT VICI COMMUNITY DEVELOPMENT CORPORATION</u>

1.  We, the jury, __✓__ find / _____ do not find by the greater weight of the evidence that the defendant Vici Community Development Corporation acted in reckless disregard of the federally protected rights of the plaintiff Arleta Watson.

2. We, the jury, _____ find / __✓__ do not find by the greater weight of the evidence that the defendant Vici Community Development Corporation acted intentionally and with malice toward the plaintiff Arleta Watson.

## AS TO DEFENDANT CINDY ARNOLD

3. We, the jury, __✓__ find / _____ do not find by the greater weight of the evidence that the defendant Cindy Arnold acted in reckless disregard of the federally protected rights of the plaintiff Arleta Watson.

4. We, the jury, __✓__ find / _____ do not find by the greater weight of the evidence that the defendant Cindy Arnold acted intentionally and with malice towards the plaintiff Arleta Watson.

## SUBSECTION B – CLAIMS UNDER THE OKLAHOMA DISCRIMINATION IN HOUSING ACT OR OKLAHOMA ANTI-DISCRIMINATION ACT

## AS TO DEFENDANT VICI COMMUNITY DEVELOPMENT CORPORATION

1. We, the jury, __✓__ find / _____ do not find by clear and convincing evidence that the defendant Vici Community Development Corporation acted in reckless disregard of the rights of others.

2. We, the jury, _____ find / __✓__ do not find by clear and convincing evidence that the defendant Vici Community Development Corporation acted intentionally and with malice towards others.

## AS TO DEFENDANT CINDY ARNOLD

3. We, the jury, __✓__ find / _____ do not find by clear and convincing evidence that the defendant Cindy Arnold acted in reckless disregard of the rights of others.

4.  We, the jury, ___✓___ find / _____ do not find by clear and convincing evidence that the defendant Cindy Arnold acted intentionally and with malice towards others.

**PART D — PLAINTIFF'S DISCRIMINATION AND RETALIATION CLAIMS UNDER THE REHABILITATION ACT – AGAINST DEFENDANT VICI COMMUNITY DEVELOPMENT CORPORATION ONLY**

1.  **RA SECTION 504 DISCRIMINATION CLAIM – REFUSING TO RENEW LEASE & REQUIRING PERSONAL DELIVERY OF RENT**

    Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her discrimination claim under section 504 of the Rehabilitation Act against the defendant Vici Community Development Corporation (check one):

    ☑    Yes

    ☐    No

IF YOU HAVE ANSWERED "YES," PLEASE SELECT THE DEFENDANT'S ACT OR ACTS YOU HAVE FOUND BY THE GREATER WEIGHT OF THE EVIDENCE EXCLUDED PLAINTIFF FROM PARTICIPATION IN, DENIED HER THE BENEFITS OF, OR SUBJECTED HER TO DISCRIMINATION UNDER THE LOW-INCOME HOUSING PROGRAM (check one or both boxes).

☑    Refusing to renew the apartment lease and to recertify for housing.

☑    Requiring the personal delivery of rent to the apartments' office.

2.  **RA SECTION 504 DISCRIMINATION CLAIM – REFUSAL TO MAKE REASONABLE ACCOMMODATION**

Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her discrimination claim under section 504 of the Rehabilitation Act against the defendant Vici Community Development Corporation (check one):

☑ ✓     Yes

❑     No

### 3. RA RETALIATION CLAIM – FILING HUD COMPLAINT

Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her retaliation claim under section 504 of the Rehabilitation Act against the defendant Vici Community Development Corporation, consisting of filing a HUD discrimination complaint (protected activity) & refusal to accept tendered rent starting in July 2019 (adverse action)?

(check one):

☑     Yes

❑     No

PLEASE ANSWER PART E ONLY IF YOU HAVE ANSWERED "YES" ON ANY OF THE PLAINTIFF'S DISCRIMINATION OR RETALIATION CLAIMS UNDER REHABILITATION ACT. IF YOU HAVE ANSWERED "NO" ON ALL THE REHABILITATION ACT CLAIMS, PLEASE PROCEED TO PART F.

### PART E – NOMINAL DAMAGES – REHABILIATION ACT DISCRIMINATION AND RETALIATION CLAIMS AGAINST DEFENDANT VICI COMMUNITY DEVELOPMENT CORPORATION

We, the jury, award the plaintiff Arleta Watson nominal damages of:

$ _1_.00_ (must be $1.00, if applicable)

## PART F – CARES ACT CLAIM

We, the jury, ___✓___ find / _____ do not find the plaintiff Arleta Watson has proven by the greater weight of the evidence that the tenancy did not expire on May 31, 2019, Vici and Ms. Arnold were seeking nonpayment of rent in filing the August 2020 forcible entry and detainer action, and the plaintiff Arleta Watson was entitled to the 30-day notice to vacate as required by the CARES Act.

## PART G – OKLAHOMA RESIDENTIAL LANDLORD AND TENANT ACT CLAIM

We, the jury, ___✓___ find / _____ do not find the plaintiff Arleta Watson has proven by the greater weight of the evidence that the tenancy did not expire on May 31, 2019, and the plaintiff Arleta Watson was entitled to written notice of a demand for payment of rent, as required by the Oklahoma Residential Landlord and Tenant Act, prior to the filing of the August 2020 forcible entry and detainer action.

## PART H — OKLAHOMA CONSUMER PROTECTION ACT CLAIM

PLEASE ANSWER SUBSECTION A

### A. AS TO DEFENDANT VICI COMMUNITY DEVELOPMENT CORPORATION

Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her claim under the Oklahoma Consumer Protection Act against the defendant Vici Community Development Corporation (check one):

14

 Yes

☐ No

PLEASE ANSWER SUBSECTION B <u>ONLY</u> IF YOU HAVE ANSWERED "YES" ON THE PLAINTIFF'S OKLAHOMA CONSUMER PROTECTION ACT CLAIM AGAINST DEFENDANT VICI COMMUNITY DEVELOPMENT CORPORATION IN SUBSECTION A. IF YOU HAVE ANSWERED "NO" ON THE CLAIM, PLEASE PROCEED TO ANSWER SUBSECTION C.


SUBSECTION B


B. <u>UNFAIR TRADE PRACTICE OR DECEPTIVE TRADE PRACTICE OR BOTH COMMITTED BY DEFENDANT VICI COMMUNITY DEVELOPMENT CORPORATION</u>


1. <u>UNFAIR TRADE PRACTICE</u>

We, the jury, find by the greater weight of the evidence one or more of the following acts of the defendant Vici Community Development Corporation were an unfair trade practice as defined in the instructions (check one or more appropriate line):

____✓ Refusing to accept tendered rent from the plaintiff Arleta Watson starting in July 2019 and then filing the August 2020 forcible entry and detainer action claiming unpaid rent.

____✓ Assessing and demanding late fees from the plaintiff Arleta Watson.

____✓ Concealing from the plaintiff Arleta Watson the rent obligation was $300 rather than $309.

2. <u>DECEPTIVE TRADE PRACTICE</u>

We, the jury, find by the greater weight of the evidence one or more of the following acts of the defendant Vici Community Development Corporation were a deceptive trade practice as defined in the instructions (check one or more appropriate line):

_____✓_____ Refusing to accept tendered rent from the plaintiff Arleta Watson starting in July 2019 and then filing the August 2020 forcible entry and detainer action claiming unpaid rent.

_____✓_____ Assessing and demanding late fees from the plaintiff Arleta Watson.

_____✓_____ Concealing from the plaintiff Arleta Watson the rent obligation was $300 rather than $309.

PLEASE ANSWER SUBSECTION C

C. <u>AS TO DEFENDANT CINDY ARNOLD</u>

Has the plaintiff Arleta Watson proven by the greater weight of the evidence each of the essential elements of her claim under the Oklahoma Consumer Protection Act against the defendant Cindy Arnold (check one):

☑ Yes

☐ No

PLEASE ANSWER SUBSECTION D <u>ONLY</u> IF YOU HAVE ANSWERED "YES" ON PLAINTIFF'S OKLAHOMA CONSUMER PROTECTION ACT CLAIM AGAINST DEFENDANT CINDY ARNOLD IN SUBSECTION C.

IF YOU HAVE ANSWERED "NO" ON PLAINTIFF'S OKLAHOMA CONSUMER PROTECTION ACT CLAIM AGAINST <u>BOTH</u> DEFENDANTS (ANSWERED "NO" IN BOTH IN SUBSECTION A AND SUBSECTION C), PLEASE HAVE YOUR

FOREPERSON SIGN AND DATE THE VERDICT FORM AS YOU HAVE COMPLETED
YOUR DELIBERATIONS.

SUBSECTION D

D. UNFAIR TRADE PRACTICE OR DECEPTIVE TRADE PRACTICE OR BOTH
   COMMITTED BY DEFENDANT CINDY ARNOLD

1. UNFAIR TRADE PRACTICE

   We, the jury, find by the greater weight of the evidence one or more of the
following acts of the defendant Cindy Arnold were an unfair trade practice as
defined in the instructions (check one or more appropriate line):



   _____✓_____ Refusing to accept tendered rent from the plaintiff Arleta Watson
starting in July 2019 and then filing the August 2020 forcible entry and detainer
action claiming unpaid rent.

   _____✓_____ Assessing and demanding late fees from the plaintiff Arleta Watson.

   _____✓_____ Concealing from the plaintiff Arleta Watson the rent obligation was
$300 rather than $309.

2. DECEPTIVE TRADE PRACTICE

   We, the jury, find by the greater weight of the evidence one or more of the
following acts of the defendant Cindy Arnold were a deceptive trade practice as
defined in the instructions (check one or more appropriate line):

✓  Refusing to accept tendered rent from the plaintiff Arleta Watson starting in July 2019 and then filing the August 2020 forcible entry and detainer action claiming unpaid rent.

✓  Assessing and demanding late fees from the plaintiff Arleta Watson.

✓  Concealing from the plaintiff Arleta Watson the rent obligation was $300 rather than $309.

PLEASE ANSWER SUBSECTION E <u>ONLY</u> IF YOU HAVE ANSWERED "YES" ON PLAINTIFF'S OKLAHOMA CONSUMER PROTECTION ACT CLAIM IN SUBSECTION A AGAINST DEFENDANT VICI COMMUNITY DEVELOPMENT CORPORATION OR IN SUBSECTION C AGAINST DEFENDANT CINDY ARNOLD AND FOUND THAT EITHER DEFENDANT COMMITTED AN UNFAIR TRADE PRACTICE OR DECEPTIVE TRADE PRACTICE BY (1) ASSESSING AND DEMANDING LATE FEES FROM PLAINTIFF OR (2) CONCEALING FROM THE PLAINTIFF THAT THE RENT OBLIGATION WAS $300 RATHER THAN $309 OR BOTH.  OTHERWISE, PLEASE PROCEED TO ANSWER SUBSECTION F.

SUBSECTION E

E. <u>OKLAHOMA CONSUMER PROTECTION ACT – ACTUAL DAMAGES FOR LATE FEES OR RENT OBLIGATION OR BOTH</u>

1. <u>LATE FEES</u>

We, the jury, award the plaintiff Arleta Watson actual damages (for the unfair trade practice or deceptive trade practice of assessing and demanding late fees) in the amount of $ _0_____

### 2. RENT OBLIGATION

We, the jury, award the plaintiff Arleta Watson actual damages (for the unfair trade practice or deceptive trade practice of concealing from her that the rent obligation was $300 rather than $309) in the amount of $ _27_____

PLEASE ANSWER SUBSECTION F **ONLY** IF YOU HAVE ANSWERED "YES" ON PLAINTIFF'S OKLAHOMA CONSUMER PROTECTION ACT CLAIM IN SUBSECTION A AGAINST DEFENDANT VICI COMMUNITY DEVELOPMENT CORPORATION OR IN SUBSECTION C AGAINST DEFENDANT CINDY ARNOLD.

IF YOU ANSWERED "YES" ON PLAINTIFF'S OKLAHOMA CONSUMER PROTECTION ACT CLAIM BUT ONLY AS TO ONE DEFENDANT, PLEASE ANSWER SUBSECTION F AND SUBSECTION G (IF APPLICABLE) ONLY AS TO THAT DEFENDANT.

SUBSECTION F

### F. CIVIL PENALTY

**AS TO DEFENDANT VICI COMMUNITY DEVELOPMENT CORPORATION**

Do you find by the greater weight of the evidence that any unfair trade practice or deceptive trade practice committed by the defendant Vici Community Development Corporation was unconscionable as defined by the instructions?

☑ Yes

☐ No

IF YOU HAVE ANSWERED "YES," PLEASE SELECT THE UNFAIR TRADE PRACTICE OR DECEPTIVE TRADE PRACTICE COMMITTED BY THE DEFENDANT THAT YOU HAVE FOUND TO BE UNCONSCIONABLE (check one or more appropriate line)

_____✓ Refusing to accept tendered rent from the plaintiff Arleta Watson starting in July 2019 and then filing the August 2020 forcible entry and detainer action claiming unpaid rent.

_____✓ Assessing and demanding late fees from the plaintiff Arleta Watson.

_____✓ Concealing from the plaintiff Arleta Watson the rent obligation was $300 rather than $309.

## AS TO DEFENDANT CINDY ARNOLD

Do you find by the greater weight of the evidence that any unfair trade practice or deceptive trade practice committed by the defendant Cindy Arnold was unconscionable as defined by the instructions?

☑ Yes

☐ No

IF YOU HAVE ANSWERED "YES," PLEASE SELECT THE UNFAIR TRADE PRACTICE OR DECEPTIVE TRADE PRACTICE COMMITTED BY THE DEFENDANT YOU HAVE FOUND TO BE UNCONSCIONABLE (check one or more appropriate line)

_____✓ Refusing to accept tendered rent from the plaintiff Arleta Watson starting in July 2019 and then filing the August 2020 forcible entry and detainer action claiming unpaid rent.

_____✓ Assessing and demanding late fees from the plaintiff Arleta Watson.

✓ Concealing from the plaintiff Arleta Watson the rent obligation was $300 rather than $309.

PLEASE ANSWER SUBSECTION G <u>ONLY</u> IF YOU HAVE FOUND ANY UNFAIR TRADE PRACTICE OR DECEPTIVE TRADE PRACTICE COMMITTED BY A DEFENDANT WAS UNCONSCIONABLE.  IF YOU HAVE NOT FOUND ANY UNFAIR TRADE PRACTICE OR DECEPTIVE TRADE PRACTICE TO BE UNCONSCIONABLE, PLEASE HAVE YOUR FOREPERSON DATE AND SIGN THE VERDICT AS YOU HAVE FINISHED YOUR DELIBERATIONS.

SUBSECTION G

<u>TOTAL NUMBER OF TIMES EACH OF THE UNCONSCIONABLE UNFAIR TRADE PRACTICES OR DECEPTIVE TRADE PRACTICES WAS COMMITTED</u>

<u>AS TO DEFENDANT VICI COMMUNITY DEVELOPMENT CORPORATION</u>

How many times do you, the jury, find by the greater weight of the evidence that the defendant Vici Community Development Corporation committed one or more of the unfair trade practices or deceptive trade practices that you have found to be unconscionable (indicate the number of times on one or more appropriate line)

14 Refusing to accept tendered rent from the plaintiff Arleta Watson starting in July 2019 and then filing the August 2020 forcible entry and detainer action claiming unpaid rent.

11 Assessing and demanding late fees from the plaintiff Arleta Watson.

3 Concealing from the plaintiff Arleta Watson the rent obligation was $300 rather than $309.

**AS TO DEFENDANT CINDY ARNOLD**

How many times do you, the jury, find by the greater weight of the evidence that the defendant Cindy Arnold committed one or more of the unfair trade practices or deceptive trade practices that you have found to be unconscionable? (indicate the number of times on one or more appropriate line)

_14_ Refusing to accept tendered rent from the plaintiff Arleta Watson starting in July 2019 and then filing the August 2020 forcible entry and detainer action claiming unpaid rent.

_11_ Assessing and demanding late fees from the plaintiff Arleta Watson.

_3_ Concealing from the plaintiff Arleta Watson the rent obligation was $300 rather than $309.

**AMOUNT OF PENALTY FOR EACH UNCONSCIONABLE UNFAIR TRADE PRACTICE OR DECEPTIVE TRADE PRACTICE**

**AS TO DEFENDANT VICI COMMUNITY DEVELOPMENT CORPORATION**

What amount of penalty (not more than $2,000.00) do you, the jury, find the defendant Vici Community Development Corporation should pay for each of the unconscionable unfair trade practices or deceptive trade practices committed by the defendant? _$200_

Multiplying the total number of unconscionable unfair trade practices or deceptive trade practices committed by the defendant Vici Community Development Corporation (identified above) by the amount of penalty for each of those practices (identified above), we, the jury, award the plaintiff Arleta Watson a

civil penalty against the defendant Vici Community Development Corporation in the amount of $ 5600

### AS TO DEFENDANT CINDY ARNOLD

What amount of penalty (not more than $2,000.00) do you find the defendant Cindy Arnold should pay for each of the unconscionable unfair trade practices or deceptive trade practices that you have identified above? $25

Multiplying the total number of unconscionable unfair trade practices or deceptive trade practices committed by the defendant Cindy Arnold (identified above) by the amount of penalty for each of those practices (identified above), we, the jury, award the plaintiff Arleta Watson a civil penalty against the defendant Cindy Arnold in the amount of $ 700

### DATE AND SIGNATURE

May 6, 2022
**DATE**

_____
**FOREPERSON**

20-1011 Verd Form.rev 02 .docx

23