# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARLETA WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-20-1011-F |
| | ) |
| VICI COMMUNITY | ) |
| DEVELOPMENT CORP., and | ) |
| CINDY ARNOLD, | ) |
| | ) |
| Defendants. | ) |

## **JUDGMENT**

This action came on for trial before the court and a jury on May 3-6, 2022, on plaintiff's claims under the Fair Housing Act, the Rehabilitation Act of 1973, the Corona Virus Aid, Relief and Economic Security Act, the Oklahoma Discrimination in Housing Act, the Oklahoma Anti-Discrimination Act, the Oklahoma Residential Landlord and Tenant Act, and the Oklahoma Consumer Protection Act. Also tried was plaintiff's breach of contract claim asserted under Oklahoma common law. Previously dismissed, by order entered in this action on April 12, 2021, were plaintiff's claims under the Fair Housing Act, 42 U.S.C. § 3604(f)(1)(C) and 42 U.S.C. § 3604(f)(2)(C), and plaintiff's request for declaratory judgment based on the United States Department of Agriculture's regulations, 7 C.F.R. § 3560.159 and 7 C.F.R. § 3560.160.

At trial, defendants' motion for judgment as a matter of law was granted with respect to: (i) plaintiff's breach of contract claim against defendant Vici Community Development Corp., (ii) plaintiff's Fair Housing Act § 3617 retaliation claim,

Oklahoma Anti-Discrimination Act § 1601(1) claim, and Rehabilitation Act § 504 claim, to the extent those claims were based on testifying on behalf of Judy McAdoo.

On the remaining claims, tried on May 3-6, 2022, the jury returned verdicts as follows:

1. In favor of the plaintiff and against the defendants Vici Community Development Corp. and Cindy Arnold on the Fair Housing Act § 3604(c) and Oklahoma Discrimination in Housing Act § 1452(A)(3) discrimination claims based on notices or statements.

2. In favor of the plaintiff and against the defendants, Vici Community Development Corp. and Cindy Arnold on the Fair Housing Act § 3504(f)(1)(A) and Oklahoma Discrimination in Housing Act § 1452(A)(1) discrimination claims based on making housing unavailable.

3. In favor of the plaintiff and against the defendants, Vici Community Development Corp. and Cindy Arnold on the Fair Housing Act § 3604(f)(2)(A) and Oklahoma Discrimination in Housing Act § 1452(A)(2) discrimination claims based on terms, conditions and privileges of rental housing.

4. In favor of the plaintiff and against the defendants, Vici Community Development Corp. and Cindy Arnold on the Fair Housing Act § 3604(f)(3)(B) and Oklahoma Discrimination in Housing Act § 1452(A)(16)(b) discrimination claims based on refusal to make reasonable accommodation.

5. In favor of the plaintiff and against the defendants, Vici Community Development Corp. and Cindy Arnold, on the Fair Housing Act § 3617 retaliation claim based on reasonable accommodation request and filing a HUD complaint.

6. In favor of the plaintiff and against the defendants, Vici Community Development Corp. and Cindy Arnold on the Oklahoma Anti-Discrimination Act § 1601(1) retaliation claim based on filing the HUD complaint.

7. In favor of the plaintiff and against the defendants, Vici Community Development Corp. and Cindy Arnold, awarding compensatory damages for emotional pain and mental anguish in the amount of $2,700 on the Fair Housing Act, Oklahoma Discrimination in Housing Act and Oklahoma Anti-Discrimination Act claims.

8. In favor of the plaintiff and against the defendant, Vici Community Development Corp., finding that Vici Community Development Corp. acted in reckless disregard of the federally-protected rights of the plaintiff.

9. In favor of the defendant Vici Community Development Corp. and against the plaintiff, declining to find that the defendant Vici Community Development Corp. acted intentionally and with malice toward the plaintiff.

10. In favor of the plaintiff and against the defendant Cindy Arnold, finding that the defendant Cindy Arnold acted in reckless disregard of the federally-protected rights of the plaintiff.

11. In favor of the plaintiff and against the defendant, Cindy Arnold, finding that the defendant Cindy Arnold acted intentionally and with malice toward the plaintiff.

12. In favor of the plaintiff and against the defendant, Vici Community Development Corp., finding that Vici Community Development Corp. acted in reckless disregard of the rights of others (under the Oklahoma Discrimination in Housing Act or the Oklahoma Anti-Discrimination Act).

13. In favor of the defendant Vici Community Development Corp. and against the plaintiff, declining to find that the defendant Vici Community Development Corp. acted intentionally and with malice toward others (under the Oklahoma Discrimination in Housing Act or the Oklahoma Anti-Discrimination Act).

14. In favor of the plaintiff and against the defendant, Cindy Arnold, finding that the defendant Cindy Arnold acted in reckless disregard of the rights of others (under the Oklahoma Discrimination in Housing Act or the Oklahoma Anti-Discrimination Act).

15. In favor of the plaintiff and against the defendant, Cindy Arnold, finding that Cindy Arnold acted intentionally and with malice toward others (under the Oklahoma Discrimination in Housing Act or the Oklahoma Anti-Discrimination Act).

16. In favor of the plaintiff and against the defendant, Vici Community Development Corp., on the Rehabilitation Act § 504 discrimination claim based on refusing to renew the lease and requiring personal delivery of rent.

17. In favor of the plaintiff and against the defendant, Vici Community Development Corp., on the Rehabilitation Act § 504 discrimination claim based on refusal to make reasonable accommodation.

18. In favor of the plaintiff and against the defendant, Vici Community Development Corp., on the Rehabilitation Act § 504 retaliation claim based on filing the HUD complaint.

19. In favor of the plaintiff and against the defendant, Vici Community Development Corp., awarding nominal damages in the amount of $1.00 on the Rehabilitation Act § 504 discrimination and retaliation claims against Vici Community Development Corp.

20. In favor of the plaintiff and against the defendants, Vici Community Development Corp. and Cindy Arnold on the Corona Virus Aid, Relief and Economic Security Act claim that plaintiff's tenancy did not expire on May 31, 2019.

21. In favor of the plaintiff and against the defendants Vici Community Development Corp. and Cindy Arnold on the Oklahoma Residential Landlord and Tenant Act claim asserting that plaintiff's tenancy did not expire on May 31, 2019.

22. In favor of the plaintiff and against the defendant, Vici Community Development Corp., on the Oklahoma Consumer Protection Act claim.

23. In favor of the plaintiff and against the defendant, Vici Community Development Corp., finding that Vici Community Development Corp. committed unfair trade practices under the Oklahoma Consumer Protection Act by (i) refusing to accept tendered rent from the plaintiff starting in July, 2019 and then filing the August, 2020 forcible entry and detainer action claiming unpaid rent, (ii) by assessing and demanding late fees from plaintiff, and (iii) concealing from the plaintiff that the rent obligation was $300.00 rather than $309.00.

24. In favor of the plaintiff and against the defendant, Vici Community Development Corp., finding that Vici Community Development Corp. committed deceptive trade practices under the Oklahoma Consumer Protection Act by (i) refusing to accept tendered rent from the plaintiff starting in July, 2019 and then filing the August, 2020 forcible entry and detainer action claiming unpaid rent, (ii) assessing and demanding late fees from plaintiff, and (iii) concealing from the plaintiff that the rent obligation was $300.00 rather than $309.00.

25. In favor of the plaintiff and against the defendant, Cindy Arnold, on the Oklahoma Consumer Protection Act claim.

26. In favor of the plaintiff and against the defendant, Cindy Arnold, finding that the defendant Cindy Arnold committed unfair trade practices under the Oklahoma Consumer Protection Act by (i) refusing to accept tendered rent from the plaintiff starting in July, 2019 and then filing the August, 2020 forcible entry and detainer action claiming unpaid rent, (ii) by assessing and demanding late fees from

plaintiff, and (iii) concealing from the plaintiff that the rent obligation was $300.00 rather than $309.00.

27. In favor of the plaintiff and against the defendant, Cindy Arnold, finding that defendant Cindy Arnold committed deceptive trade practices under the Oklahoma Consumer Protection Act by (i) refusing to accept tendered rent from the plaintiff starting in July, 2019 and then filing the August, 2020 forcible entry and detainer action claiming unpaid rent, (ii) assessing and demanding late fees from plaintiff, and (iii) concealing from the plaintiff that the rent obligation was $300.00 rather than $309.00.

28. Awarding $0 damages to plaintiff as actual damages on the unfair trade practice and deceptive trade practice claims based on assessing and demanding late fees.

29. Awarding plaintiff $27.00 in actual damages against defendants Vici Community Development Corp. and Cindy Arnold on the unfair trade practice and/or deceptive trade practice claims based on concealing the rent obligation was $300.00 rather than $309.00.

30. Finding that the unfair trade practices or deceptive trade practices committed by defendant Vici Community Development Corp., consisting of (i) refusing to accept tendered rent from plaintiff starting in July, 2019 and then filing the August, 2020 forcible entry and detainer action claiming unpaid rent, (ii) assessing and demanding late fees from plaintiff, and (iii) concealing from the plaintiff that the rent obligation was $300.00 rather than $309.00 were unconscionable.

31. Finding that the unfair trade practices or deceptive trade practices committed by defendant Cindy Arnold, consisting of (i) refusing to accept tendered rent from plaintiff starting in July, 2019 and then filing the August, 2020 forcible

entry and detainer action claiming unpaid rent, (ii) assessing and demanding late fees from plaintiff, and (iii) concealing from the plaintiff that the rent obligation was $300.00 rather than $309.00 were unconscionable.

32.　In favor of the plaintiff and against the defendants Vici Community Development Corp. and Cindy Arnold, finding that they committed one or more of the unfair trade practices or deceptive trade practices asserted by plaintiff, and that there were a total of 28 such instances.

33.　In favor of the plaintiff and against the defendant, Vici Community Development Corp., assessing a penalty of $200.00 for each of the 28 instances of unconscionable unfair trade practices or deceptive trade practices committed by Vici Community Development Corp., for a total penalty assessment in the amount of $5,600.00.

34.　In favor of the plaintiff and against the defendant, Cindy Arnold, assessing a penalty of $25.00 for each of the 28 instances of unconscionable unfair trade practices or deceptive trade practices committed by Cindy Arnold, for a total penalty assessment in the amount of $700.00.

35.　In favor of the plaintiff and against the defendant Vici Community Development Corp., for punitive damages in the amount of $250.00.

36.　In favor of the plaintiff and against the defendant Cindy Arnold, for punitive damages in the amount of $250.00.

Judgment is accordingly rendered in favor of the defendants and against the plaintiff on plaintiff's claims under the Fair Housing Act, 42 U.S.C. § 3604(f)(1)(C) and 42 U.S.C. § 3604(f)(2)(C), and plaintiff's request for declaratory judgment based upon the United States Department of Agriculture's regulations, 7 C.F.R. § 3560.159 and 7 C.F.R. § 3560.160.

Judgment is rendered in favor of the defendant Vici Community Development Corp. and against the plaintiff on plaintiff's breach of contract claim.

Judgment is rendered in favor of the defendants and against the plaintiff on the Fair Housing Act § 3617 retaliation claim, the Oklahoma Anti-Discrimination Act § 1601(1) claim, and the Rehabilitation Act § 504 claim, to the extent that those clams were based on testifying on behalf of Judy McAdoo.

On the remaining claims which were tried on May 3-6, 2022, judgment is hereby rendered in accordance with the verdicts of the jury as recited above.

Judgment for recovery of money damages and penalties is rendered as follows:

Judgment in favor of the plaintiff and against the defendants, Vici Community Development Corp. and Cindy Arnold, for compensatory damages for emotional pain and mental anguish, in the amount of $2,700.

Judgment in favor of the plaintiff and against the defendant Vici Community Development Corp., on the Rehabilitation Act discrimination and retaliation claims, in the amount of $1.00 as nominal damages.

Judgment in favor of the plaintiff and against the defendants, Vici Community Development Corp. and Cindy Arnold, on the Oklahoma Consumer Protection Act claim, relating to the rent obligation, in the amount of $27.00.

Judgment in favor of the plaintiff and against the defendant Vici Community Development Corp. on the Oklahoma Consumer Protection Act claim, for penalties in the amount of $5,600.

Judgment in favor of the plaintiff and against the defendant Cindy Arnold on the Oklahoma Consumer Protection Act claim, for penalties in the amount of $700.

Judgment in favor of the plaintiff and against the defendant Vici Community Development Corp. for punitive damages in the amount of $250.

Judgment in favor of the plaintiff and against the defendant Cindy Arnold for punitive damages in the amount of $250.

Entered on the 10th day of May, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-1011p021 jt .docx