IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **1. ARLETA WATSON,** | |
| **Plaintiff,** | |
| **v.** | **Case No. CIV-20-1011-F** |
| **1. VICI COMMUNITY DEVELOPMENT CORP.** and **2. CINDY ARNOLD,** | |
| **Defendants.** | |

---

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AGAINST
DEFENDANTS  AND BRIEF IN SUPPORT THEREOF**

---

Ms. Teressa L. Webster, OBA No. 30767

Legal Aid Services of Oklahoma, Inc.
530 Court Street
Muskogee, Oklahoma 74401
Telephone: 918-683-5681
Facsimile: 918-683-5690
Email:Teressa.Webster@laok.org

## INTRODUCTION

**COMES NOW**, Teressa L. Webster, Counsel for the Plaintiff, Arleta Watson, pursuant to **Federal Rule of Civil Procedure 54 (d) (2), 42 U.S.C. § 3613 (c) (2), 25 O.S. §1506.3 (2)**, **29 U.S.C. § 794a (b)**; **15 Okla. Stat. Ann. § 761.1 (A)**, **41 O.S. § 105 (B)** and **LCvR 54.2**, and respectfully moves this Court for an  award of attorney's fees reasonably  incurred in the above-captioned matter against  Defendants. In support of the instant Motion, the counsel for the Plaintiff has also  attached her Affidavit and Brief in Support.

## STATEMENT OF THE RELEVANT FACTS

1.      Plaintiff, Arleta Watson, initiated this action on October 6, 2020, with her named counsel of record as Teressa L. Webster, of Legal Aid Services of Oklahoma, Inc. (Hereinafter, "LASO). The Plaintiff requested a trial by jury.

2.      The Plaintiff asserted eight claims in her Complaint. Namely, the Plaintiff asserted the following claims:

Claim 1 - Violation of the **Fair Housing Act, 42 U.S.C.A. § 3604 (c)**;

Claim 2 - Violation of the **Fair Housing Act/Fair Housing Amendments Act, 42 U.S.C.A. § 3604 (f) (1) (a)** and **(c); (2) (a)** and **(c),** and **(3) (b)**;

Claim 3-Violation of the **Fair Housing Act, 42 U.S.C.A. § 3617**;

Claim 4 - **Oklahoma Discrimination in Housing Act, 25 Okla. Stat. Ann. §§ 1452 (A) (1), (3), (16) (b), and 1601 (1)**;

Claim 5-Violation of **the Rehabilitation Act of 1973, Section 504**;

Claim 6 - Violations of the **CARES Act**, **7 C.F.R. §§ 3560.159** and **3560.160**, and the **Oklahoma Residential Landlord and Tenant Act, 41 O.S. § 101, et seq**.;

Claim 7 - Breach of Contract; and

Claim 8 - Violation of the **Oklahoma Consumer Protection Act, 15 O.S. § 751, et seq**.

3.      The Defendants filed their Motion to Dismiss the Plaintiff's Amended Complaint.

4.      On April 12, 2021, the Court partially dismissed the following claims:

a.      Claim 2: **42 U.S.C. § 3604 (f) (1) (c)** and **42 U.S.C. § 3604 (f) (2) (c)**.

b.      Claim 6: **7 C.F.R. §§ 3560.159** and **3560.160** – for declaratory relief.

5.      The following Claims survived the Defendants' Motion to Dismiss:

a.      Claim 1 - Violation of the **Fair Housing Act, 42 U.S.C.A. § 3604 (c)**;

b.      Claim 2 - Violation of the **Fair Housing Act/Fair Housing Amendments Act, 42 U.S.C.A. § 3604 (f) (1) (a); (2) (a),** and **(3) (b)**;

c.      Claim 3-Violation of the **Fair Housing Act, 42 U.S.C.A. § 3617**;

d.      Claim 4 - **Oklahoma Discrimination in Housing Act, 25 Okla. Stat. Ann. §§ 1452 (A) (1), (3), (16) (b), and 1601 (1)**;

e.      Claim 5-Violation of **the Rehabilitation Act of 1973, Section 504**;

f.      Claim 6 - Violations of the **CARES Act** and the **Oklahoma Residential Landlord and Tenant Act, 41 O.S. § 101, et seq**.;

g.      Claim 7 - Breach of Contract; and

h.      Claim 8 - Violation of the **Oklahoma Consumer Protection Act, 15 O.S.**

**§ 751, et seq**.

6.     All claims asserted within the Plaintiff's complaint arose out of a common core of facts.

7.     Both Parties filed Motions for Summary Judgment. The Court denied both motions.

8.     This Court held the jury trial on this matter on May 3-6, 2022.

9.     At the conclusion of the evidence, the Court held a Rule 50 Hearing. At the conclusion of the Rule 50 hearing, the Court granted judgment to the Defendants as follows:

a.  Claim 7 - Breach of Contract

b.  Claim 3-Violation of the **Fair Housing Act, 42 U.S.C.A. § 3617** in part to the extent that the Claim was premised upon retaliation based upon assisting Judy McAdoo with enforcing her rights under the Fair Housing Act.

c.   Claim 4 - **Oklahoma Discrimination in Housing Act, 25 Okla. Stat. Ann. 1601 (1)** - in part to the extent that the Claim was premised upon retaliation based upon assisting Judy McAdoo with enforcing her rights under the Oklahoma Anti-Discrimination Act.

d.  Claim 5-Violation of **the Rehabilitation Act of 1973, Section 504** – in part, to the extent that the claim was premised upon retaliation deriving from assisting Judy McAdoo.

10.     On May 6, the jury returned a verdict for the Plaintiff and against the Defendants on the remaining claims, the jury rendered a verdict in favor of the Plaintiff

against the Defendants as follows:

    a.    <u>Claim 1</u> - Violation of the **Fair Housing Act, 42 U.S.C.A. § 3604 (c)**;

    b.    <u>Claim 2</u> - Violation of the **Fair Housing Act/Fair Housing Amendments Act, 42 U.S.C.A. § 3604 (f) (1) (a); (2) (a),** and **(3) (b)**;

    c.    <u>Claim 3</u>-Violation of the **Fair Housing Act, 42 U.S.C.A. § 3617**;

    d.    <u>Claim 4</u> - **Oklahoma Discrimination in Housing Act, 25 Okla. Stat. Ann. §§ 1452 (A) (1), (3), (16) (b), Oklahoma Anti-Discrimination Act, 25 O.S. § 1601 (1)**;

    e.    <u>Claim 5</u>- Violation of **the Rehabilitation Act of 1973, Section 504**;

    f.    <u>Claim 6</u> -Violations of the **CARES Act** and the **Oklahoma Residential Landlord and Tenant Act, 41 O.S. § 101, et seq**.; and

    g.    <u>Claim 8</u> - Violation of the **Oklahoma Consumer Protection Act, 15 O.S. § 751, et seq**.

    11.    The jury awarded compensatory, nominal, and punitive damages to the Plaintiff and civil penalties to the Plaintiff as well.

    12.    On May 10, 2021, this Court entered judgment in favor of the Plaintiff and against the Defendants, consistent with the verdict of the jury.

    13.    The Plaintiff, having obtained a verdict against Defendants, is the prevailing party in this matter, and is entitled to attorney fees, pursuant to **F.R.C.P. 54 (d) (1).**

    14.    The Plaintiff's counsel expended a total of **339.1 hours** of time, at a billable hourly rate of $300.00 per hour, since retention, for this matter. The Affidavit of Attorney

Teressa L. Webster, with supporting documents, are hereto attached as **Exhibit A**. The total amount for attorney's fees that is requested is $101,730.00.

15.　　Support staff expended an additional **72.1 hours** of time for this matter, at a billable rate of $50.00 per hour. The total recovery sought for these costs are $3,605.00.

16.　　The total amount that the Plaintiff's counsel seeks to recover for attorneys' fees and costs is $105,335.00.

## AUTHORITIES AND ARGUMENTS

### A.　　AUTHORITIES

**F.R.C.P. 54 (d) (2)** provides,

(2) *Attorney's Fees.*

(A) *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

(B) *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:

(i) be filed no later than 14 days after the entry of judgment;

(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

(iii) state the amount sought or provide a fair estimate of it; and

(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Pursuant to the **Fair Housing Act**, **42 U.S.C. § 3613 (c) (2)**, "In a civil action under subsection (a), the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs."

Pursuant to the **Rehabilitation Act of 1973, 29 U.S.C. § 794a (b) (§ 504)**, "In any

action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

Pursuant to the **Oklahoma Discrimination in Housing Act**, "[I]f the court finds that a discriminatory housing practice has occurred or is about to occur,  the  court  may award to the plaintiff…Reasonable attorney fees." **25 O.S. § 1506.3 (2)**.

Pursuant to the **Oklahoma Consumer Protection Act, 15 O.S. § 761.1(A),**

The commission of any act or practice declared to be a violation of the Consumer Protection Act shall render the violator liable to the aggrieved consumer for the payment of actual damages sustained by the customer and costs of litigation including reasonable attorney's fees, and the aggrieved consumer shall have a private right of action for damages, including but not limited to, costs and attorney's fees.

Pursuant to the **Oklahoma Residential Landlord and Tenant Act, 41 O.S. § 105 (B)** provides,

Any right, obligation or remedy declared by this act is enforceable in any court of appropriate jurisdiction including small claims court and may be prosecuted as part of an action for forcible entry or detainer unless the provision declaring it specifies a different and limited effect. In any action for breach of a rental agreement or to enforce any right or obligation provided for in this act, the prevailing party shall be entitled to reasonable attorneys' fees**.**

Lastly, the Local Rules of this Court, **LCvR  54.2** provides,

A motion for recovery of legal fees with brief shall be a separate document from the bill of costs and its brief. The brief should be accompanied by an affidavit stating the amount of time spent on the case, the hourly fee claimed by the attorney, the hourly fee usually charged by the attorney if this differs from the amount claimed in the case, and any other pertinent factors.

> **I.       The Plaintiff was the prevailing party on her civil rights claims.**

The jury awarded the Plaintiff compensatory, nominal, and punitive damages for the Defendants' violations of the **Fair Housing Act** and the **Fair Housing Amendments Act of 1988**, the **Rehabilitation Act of 1973, § 504**, the **Oklahoma Discrimination in Housing Act** and the **Oklahoma Anti-Discrimination Act**. Thus, Ms. Watson was the prevailing party in the matters as between herself and Defendants as to her civil rights claims arising under the aforementioned civil rights law.

In *In re Central States Mechanical, Inc.* 556 Fed. Appx., 762 (10th Cir. 2014), the court opined that the U.S. Supreme Court, "in the context of civil rights fee-shifting statutes like **42 U.S.C. § 1988**, has held that a plaintiff prevails if he is awarded some relief by the court." *In re Cent. States Mech., Inc.*, 556 F. App'x 762, 776 (10th Cir. 2014). The term *prevailing party*, as used in **42 U.S.C. § 3613 (c) (2)** has been assigned the same meaning of the term as used in **42 U.S.C. § 1988**. *See,* **42 U.S.C. § 3602 (o)** (Stating, "Prevailing party" has the same meaning as such term has in section 1988 of this title).

In *Hensley v. Eckerhart,* 461 U.S. 424 (1983), the United States Supreme Court held,

> A plaintiff must be a "prevailing party" to recover an attorney's fee under § 1988. The standard for making this threshold determination has been framed in various ways. A typical formulation is that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."

*Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). In *Hensley*, the court recognized that in civil rights cases, a plaintiff may advance many claims arising out of a common core of facts. The *Hensley* court determined that a plaintiff

does not have to prevail on each claim to be a prevailing party.

In this case, the Plaintiff was clearly the prevailing party between herself and Defendants. Therefore, this Court should determine that she was the prevailing party. The Plaintiff's primary purpose for bringing the action was to obtain redress under the civil rights laws provided *supra*. Each claim arose out of a common core of facts. The Defendants succeeded in dismissing parts of her claims pertaining to Judy McAdoo. However, it was not necessary for the Plaintiff to prevail on each part of her claims to be a prevailing party. The Plaintiff alleged five claims of discrimination. She received a favorable verdict for each of the five claims. The Plaintiff's success achieved some of the benefits for which she brought the suit.

This Court should find that Ms. Watson was the prevailing party for her civil rights discrimination claims.

## II.    The Plaintiff was the prevailing party for her remaining claims

In addition to the favorable verdict that the Plaintiff received for the civil rights claims, the jury issued a verdict favoring her and against the Defendants for Claims 6 and 8. Specifically, the jury found that, by the greater weight of the evidence, the Plaintiff proved that the Defendants violated the CARES Act and the Oklahoma Residential Landlord and Tenant Act because the Defendants failed to issue proper notices of lease termination before filing the August 2020 eviction action. The jury also found that the Defendants engaged in deceptive and unfair trade practices, that were unconscionable as a matter of law, in violation of the Oklahoma Consumer Protection Act.

The Plaintiff was the prevailing party under those claims.

**III.**     <u>**The Plaintiff is entitled to an award of reasonable attorney's fees and costs.**</u>

As provided *supra,* this Court may award the prevailing party reasonable attorney fees and costs under the laws that support each Claim raised by the Plaintiff.

As established *supra*, the Plaintiff was the prevailing party, in this civil rights action, because she obtained "some benefit for which she brought suit." She was also the prevailing party in each of her remaining claims that survived the **Rule 50** motion, since the jury awarded verdicts to her on each of those claims. On May 10, 2022, this Court adopted the verdict of the jury in its final judgment on this matter.

The Plaintiff was the prevailing party. Consequently, as set forth *supra* this Court may award to her attorney reasonable attorney fees.

**IV.**     <u>**The attorney fees that the Plaintiff seeks to recover are reasonable.**</u>

To obtain an award of attorney fees, a party must establish, "(1) that he was the "prevailing party" in the litigation; and (2) that his request is "reasonable." *Chatman v. Buller*, No. 12-CV-182-JHP, 2013 WL 5729603, at \*1 (E.D. Okla, Oct. 22, 2013). In this case, the Plaintiff has already established that she is the prevailing party. The Plaintiff now must establish that her request for attorney fees is reasonable.

In *Chatman v. Buller, No.* 12-CV-182-JHP, 2013 WL 5729603, the court stated, "In determining reasonable attorneys' fees, courts first calculate the "lodestar" figure, that is, the product of multiplying reasonable hours by a reasonable hourly rate." *Chatman v. Buller*, No. 12-CV-182-JHP, 2013 WL 5729603, at \*1 (E.D. Okla, Oct. 22, 2013). *Chatman* identified several factors to which the Court may look in determining the

reasonableness of attorney fees requested. The *Chatman* court recognized that each case must be analyzed on its individual merits. See, *Id.* (Citing the factors to be considered as "the time and labor required, the novelty and difficulty of the question presented by the case, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorneys due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, any time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation and ability of the attorneys, the "undesirability" of the case, the nature and length of the professional relationship with the client, and awards in similar cases.").

In this case, the attorney of the Plaintiff expended a total of 339.1 hours in the case over the nineteen-month period that it remained pending before this Court. The case initially involved eight claims comprised of nineteen different claims for recovery. Of those eight claims, seven survived the **Rule 50** motion. This Court determined that the breach of contract claim should be dismissed only because it was subsumed in the other claims. This Court noted the complexity of the case.

The rate charged by the Plaintiff's counsel was $300.00 per hour. The Plaintiff's counsel's practice is centered mainly in the Eastern District of Oklahoma. In the United States Eastern District of Oklahoma, the rate adopted by the Plaintiff's counsel has been previously determined to be reasonable for civil rights attorneys who practice in federal court given their expertise, education, experience, and reputation.  In *Chatman*, the court determined,

…[A]ffidavits from local attorneys familiar with the hourly billing rates

of attorneys with comparable skill and experience in civil rights litigation who practice in the Eastern District of Oklahoma along with a survey of rates charged by law firms located in Tulsa, Oklahoma…indicate that attorneys with 10–12 years of experience charge hourly rates ranging between $160.00 and $330.00 per hour, with most respondents charging $250 per hour…

*Chatman v. Buller*, No. 12-CV-182-JHP, 2013 WL 5729603, at *2 (E.D. Okla, Oct. 22, 2013).

In this case, the counsel for the Plaintiff has been a licensed attorney since 2011. This Court should adopt for her the *Chatman* rate identified for attorneys with 10-12 years of experience. In her eleven years of practice, she has practiced as a civil rights attorney for nine years. She has devoted her career to establishing and directing the Fair Housing Project for Legal Aid Services of Oklahoma, Inc. (LASO), and to training other attorneys, housing professionals, and the public in fair housing laws and their enforcement. Additionally, Attorney Webster has authored numerous publications on fair housing laws. Attorney Webster also holds an LL.M. degree in Trial Advocacy, in addition to her J.D., and Bar license. Under *Chatman*, the rate is reasonable, and the Plaintiff's counsel has demonstrated that her education, experience, and expertise qualify her to receive the rate that she requested.

The Plaintiff's counsel has submitted her affidavit and detailed billing records for all work performed on this case. The requested relief, based upon the submitted records is $101,730.00 (339.1 hours*$300.00) and support staff time for $3,605 (72.1 hours*$50). The total recovery which the Plaintiff seeks for attorney fees and costs is $105,335.00.

In the United States District Court for the Eastern District, the requested rate for

attorney fees has already been determined to be reasonable. The Plaintiff's attorney in this case  has testified concerning her expertise, experience, and education. Additionally, the time  expended  in  this  matter,  over  a  nineteen-month  period,  is  reasonable.  This Court  should award attorney fees as requested.

## **<u>CONCLUSION</u>**

**WHEREFORE,** the Plaintiff moves this Court to grant her Motion awarding reasonable  attorney  fees  to her attorney  of record  for  $105,335.00 against the Defendants.

Dated: May 24, 2022

Respectfully Submitted,
*Attorney for the Plaintiff,*
Arleta Watson

Teressa L. Webster
Teressa Webster, OBA No. 30767
Legal Aid Services of  Oklahoma, Inc.
530 Court Street
Muskogee, Oklahoma 74401
918-683-5681 – telephone
918-683-5690 – facsimile
Email: Teressa.webster@laok.org

CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of May 2022, I served a true and correct copy of the foregoing document on the Defendants by serving said copy on their Counsel of record through this Court's electronic filing case management system:

Ms. Lindsay Kistler: : lindsay@kistlerlegalgroup.com


*Attorney for the Defendants*
Vici Community Development Corporation
Cindy Arnold

s/ Teressa L. Webster_____

Teressa L. Webster OBA #30767
