IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. ARLETA WATSON,<br><br>      **Plaintiff,**<br><br>v.<br><br>1. VICI COMMUNITY<br>DEVELOPMENT CORP.<br>and<br>2. CINDY ARNOLD,<br><br>      **Defendants.** | Case No. CIV-20-1011-F |

**DEFENDANTS' RENEWED JUDGMENT AS A MATTER OF LAW
AND BRIEF IN SUPPORT**

Pursuant to FED. R. CIV. P. 50(b), Defendants, Vici Community Development Corporation and Cindy Arnold ("Defendants"), respectfully submit their Renewed Judgment as a Matter of Law and Brief in Support.

**LEGAL STANDARD**

Rule 50(b) of the Federal Rules of Civil Procedure allows a party to renew a motion for judgment as a matter of law following the entry of judgment. The relevant standard is set forth in Rule 50(a), which provides that "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue," the Court may then "resolve the issue against the party" and "grant a motion for judgment as a matter of law." This standard establishes a high, but not impossible, bar. "A party is entitled to judgment as a matter of law only if the court concludes that all of the evidence in the record

1

reveals no legally sufficient evidentiary basis for a claim under the controlling law." *Bill Barrett Corp. v. YMC Royalty Co.*, LP, 918 F.3d 760, 764 (10th Cir. 2019). In making this determination, "[t]he court draws all reasonable inferences in favor of the nonmoving party and does not weigh evidence, judge witness credibility, or challenge the factual conclusions of the jury." *Id.*

## ARGUMENTS AND AUTHORITY

Because no reasonable jury could have found that Plaintiff set forth sufficient evidence to support a finding in Plaintiff's favor with respect to all but one of Plaintiff's claims, Defendants respectfully requests that the Court enter judgment in their favor as set forth below.

### I. Discrimination Claims Based on Making Housing Unavailable: FHA Section 3604(f)(1)(A) and ODHA Section 1452(A)(1).

As set forth in Jury Instruction No. 16 [Dkt. 76, p. 23], Plaintiff had the burden of proving four essential elements to prevail on her discrimination claims based on making housing unavailable. No reasonable jury could have found that Plaintiff set forth sufficient evidence with respect to the third (causation) and fourth (damages) elements of these claims.

**Causation:** The third element of the claim required Plaintiff to establish that the Defendants refused to renew her apartment lease and recertify her for housing *because of her disability*. The record does not contain a shred of evidence to support such a finding.

For example, Ms. Arnold reiterated throughout the trial that the Defendants chose not to renew Ms. Watson's lease "because it's a 16-unit nonprofit and we could not

continue to go back to court to get her to pay the small amounts of money." *See* C. Arnold's Trial Testimony, attached hereto as Ex. 1, 65: 9–11; 226: 9–11. This decision was made sometime following a hearing before Judge Bozarth in District Court of Dewey County on October 16, 2018, when Defendants were forced to return to court to collect $209 from Ms. Watson. *See* Ex. 1: 198: 1–25; 199: 1–25; 200: 1–18; 202: 17–25; 203: 1–8; 204: 4–25; Pl's Ex. 27, attached hereto as Ex. 2; Ledger Pulled from Pl's Ex. 94, attached hereto as Ex. 3. Ms. Arnold further testified that Ms. Watson's material noncompliance with the lease terms contributed to the nonrenewal. Ex 1; 122:1–25; 123:1. Moreover, neither of the Notices of Non-Renewal make any reference to Plaintiff's disability or indicate that the decision of non-renewal is based on her disability. *See* Pl's Ex. 9(a), attached hereto as Ex. 4; Pl's Ex. 9(b), attached hereto as Ex. 5. Finally, Ms. Watson offered no testimony in support of a finding that Defendants took any action against her because of her status a disabled person.

It also makes little sense why Ms. Arnold, the site manager for over 25 years of a property aimed at providing homes to elderly and disabled individuals, would discriminate against Plaintiff because of her alleged disability. *See* Ex. 1: 144:1–4. Ms. Arnold testified that Ms. Watson qualified to live on the complex because of her age, not on the basis of disability; three other tenants qualify to live in the complex because of their status as disabled individuals as determined by the Social Security Administration; and these individuals can and do pay their rent timely, Ex. 1: 117:18–25; 118:1–13; and 119: 8–10. Because this evidence fails to show that Defendants chose not to renew Plaintiff's lease

and recertify her for housing *because of her disability*, Defendants are entitled to judgment as a matter of law on these claims.

**Damages:** The fourth element of the claim required Plaintiff to establish that, as a direct result of the defendant's actions, she sustained some damages, even if merely nominal damage. Here, the jury awarded Plaintiff $2,700 in compensatory damages for Plaintiff's discrimination and retaliation claims. However, no reasonable jury could have done so. Ms. Watson did not explain how, in any way, any of Defendants' alleged conduct damaged her. Indeed, while Plaintiff described her numerous health problems present when she applied for housing in 2014, *see* A. Watson's testimony, attached hereto as Ex. 6, 12: 13–25; 13: 1–18; 14:1–18, 24–25; 15:1–11, there is no explanation as to how Defendants' alleged conduct impacted Ms. Watson in any way. Ms. Watson did not give any testimony or provide any documentation evidencing any mental pain, suffering, or anguish that she experienced as a result of any specific acts of discrimination or retaliation. Accordingly, because Plaintiff has not provided a sufficient evidentiary basis with respect to compensatory damages, Defendants request judgment as a matter of law on these claims.

## II.   Discrimination Claims Based on Terms, Conditions, and Privileges: FHA Section 3604(f)(2)(A) and ODHA Section 1452(A)(2).

As set forth in Jury Instruction Number 17 [Dkt. 76, p. 24], Plaintiff had the burden of proving four essential elements to prevail on her discrimination claims based on terms, conditions, and privileges of rental housing. No reasonable jury could have found that Plaintiff set forth sufficient evidence with respect to the third (causation) and fourth (damages) elements of the claims.

4

**Causation:** The third element of the claim required Plaintiff to establish that the Defendants required her to personally deliver rent to the apartment's office *because of her disability*. Here, no reasonable jury could have found that Defendants required Plaintiff to personally deliver rent to the apartment's office, let alone did so *because of her disability*. First, Ms. Arnold testified that she did not require Ms. Watson to personally deliver rent to the office. Ex. 1, 51:9–14; 229:15–16. Second, Ms. Watson offered no testimony on the subject. Third, Ms. Arnold testified that the Notice of Lease Violation dated February 20, 2019, which Ms. Arnold issued, was issued not because Ms. Hussey delivered Ms. Watson's rent, but because it was received after the 4:30 p.m. deadline. Ex. 1, 51:9–14; 229:15–16; Pl's Ex. 2(b), attached hereto as Ex. 7; Pl's Ex. 19, attached hereto as Ex. 8. Fourth, while Ms. Arnold admits that the Lease Violation dated May 15, 2019, purports to require Ms. Watson to hand-deliver her rent, the violation was signed by Ms. Gresham, who was not called to testify. Ex. 1, 51:15–25; 52:1–10. There is no evidence in the record explaining Ms. Gresham's motive behind the Lease Violation, and her statement from May 13, 2019, which was issued before the Lease Violation, makes no mention of the subject. Rather, it appears from the Statement that Ms. Gresham was intending to document Ms. Watson's repeated failure to comply with the terms of the Amended Lease. Pl's Ex. 98, attached hereto as Ex. 9. Accordingly, because Plaintiff has failed to set forth a legally sufficient basis to show that both Defendants required Ms. Watson to hand-deliver rent to the office *because of her disability*, Defendants are entitled to judgment as a matter of law for this claim.

**Damages:** The fourth element of the claim requires Plaintiff to establish that, as a direct result of the defendant's actions, she sustained some damages, even if merely nominal damage. Because the record is devoid of evidence showing that Plaintiff suffered any damages, Defendants are entitled to judgment as a matter of law on this claim.

### III. Discrimination Claims Based on Refusal to Make a Reasonable Accommodation: FHA Section 3604(f)(3)(B); ODHA Section 1452(A)(16)(b); and RA Section 504.

As set forth in Jury Instruction Numbers 18 and 20 [Dkt. 76, pp. 25, 28], Plaintiff had the burden of proving six essential elements to prevail on her discrimination claims based on refusal to make a reasonable accommodation under the FHA, the ODHA, and RA Section 504. No reasonable jury could have found that Plaintiff set forth sufficient evidence with respect to the second, third, fourth, and six elements of the claim.

**Accommodation Necessary to Afford her Equal Opportunity:** The second element of the claim required Plaintiff to establish that she requested an accommodation necessary to afford her an equal opportunity to use and enjoy her housing. Plaintiff's purported accommodation, as evidenced in Pl's Ex. 16, attached hereto as Ex. 10, is to pay her rent on the third week of the month when she receives her Social Security check. Plaintiff has failed, however, to set forth any evidence showing how the request is in anyway related to Ms. Watson's purported disabilities or provide an explanation as to how it is necessary to afford her an equal opportunity to use or enjoy her housing. In the absence of said evidence or explanation, Defendants are entitled to judgment as a matter of law on this issue.

**Reasonableness of Accommodation:** The third element of the claim required Plaintiff to establish that the requested accommodation was reasonable. Even if the Court finds that this request is one for an accommodation under federal and state fair housing laws, the evidence shows that the request was unreasonable in light of the financial state of the Defendants and their status with Rural Development. Ex. 1, 176:15–25; 177:1–11; 178: 4–25; & 179: 1–25; Pl's Ex. 3(b), attached hereto as Ex. 11.

**Refusal of Accommodation:** The fourth element of the claim required Plaintiff to establish that the accommodation request was refused. Here, Defendants granted Plaintiff's request to pay rent on the third Wednesday of the month, Ex. 8, and she has not met her burden with respect to this element of the claims.

**Damages:** The sixth element of the claim requires Plaintiff to establish that, as a direct result of the defendant's actions, she sustained some damages, even if merely nominal damage. Because the record is devoid of evidence showing that Plaintiff suffered any damages, even nominal, Defendants are entitled to judgment as a matter of law.

### IV. FHA Section 3617 Retaliation Claim: Reasonable Accommodation and Filing Hud Complaint.

As set forth in Jury Instruction Number 23 [Dkt. 76, p. 32], Plaintiff had the burden of proving five essential elements to prevail on her FHA retaliation claims based on a reasonable accommodation request and filing a HUD complaint. Defendants assert that no reasonable jury could have found that Plaintiff set forth sufficient evidence with respect to the fourth (causation) and fifth (damages) elements of the claims.

**Causation:** The fourth element of the claim required Plaintiff to (1) establish that Defendants refused to renew Plaintiff's apartment lease and recertify her for housing because she requested a reasonable accommodation and (2) Defendants refused to accept her tendered rent starting in July 2019 because she filed a HUD discrimination complaint.

With respect to subpart 1, and as evidenced in Section 1, *supra*, Defendants provided a sufficient non-discriminatory, non-retaliatory business reason for not renewing Plaintiff's lease that was in no way related to Plaintiff's requested accommodation. Moreover, Ms. Arnold testified that Mr. Harper, her counsel at the time, actually recommended that Defendants enter into the January 2019 Amended Lease Agreement even though Defendants disagreed that it was an actual reasonable accommodation request because Defendants did not intend to renew Plaintiff's lease. Ex. 1, 224:17–25; 225:1–25; 226:1–180. Because there is no evidence in the record, or inference that can be drawn therefrom, that Defendants chose not to renew Plaintiff's lease following the expiration because Ms. Watson requested and was allowed to pay her rent on the third Wednesday of the month, Defendants are entitled to judgment as a matter of law on this claim.

With respect to subpoint 2, there is no evidence to support a finding that Defendants did not accept Plaintiff's rent starting in July 2019 because Ms. Watson filed her HUD complaint. Rather, as Ms. Arnold testified that Ms. Gresham, not Ms. Arnold, accepted Ms. Watson's rent for June 2019, due to a misunderstanding of RD's system, and it was not Defendants' intention to renew Ms. Watson's lease. Ex. 1, 246: 19–25; 247:1–9. Moreover, Ms. Watson testified that she stopped accepting rent in July of 2019 because Judge Bozarth had told her back in 2018 that she should not accept rent in the incorrect

8

amount and Ms. Arnold believed that Ms. Watson owed market rate rent for July, 2019. Ex. 1, 247: 1–10. There is no evidence in the record to suggest that Defendants chose not to accept Ms. Watson's rent for any other reason other than what was testified to by Ms. Arnold. Accordingly, Defendants are entitled to judgment as matter of law on this claim.

**Damages:** The fifth element of the claim requires Plaintiff to establish that, as a direct result of the defendants' actions, she sustained some damages, even if merely nominal damage. Because the record is devoid of evidence showing that Plaintiff suffered any damages, Defendants are entitled to judgment as a matter of law on this claim.

**V.    OADA Section 1601(1) and RA Section 504 Retaliation Claim: Filing a HUD Complaint.**

As set forth in Jury Instruction Numbers 24 and 25 [Dkt. 76, pp. 33–34], Plaintiff had the burden of proving four essential elements to prevail on her OADA and RA Section 504 retaliation claims based on filing a HUD complaint. Defendants assert that no reasonable jury could have found that Plaintiff set forth sufficient evidence with respect to the third (causation) and fourth (damages) elements of these claims.

**Causation:** The third element of the claim required Plaintiff to Defendants refused to accept her tendered rent starting in July 2019 because she filed a HUD discrimination complaint. As set forth in Section IV, *supra*, there is no evidence in the record to support a finding that Defendants chose not to accept Plaintiff's rent in July 2019 because Ms. Watson filed a HUD discrimination complaint. As such, Defendants are entitled to judgment as a matter of law.

9

**Damages:** The fourth element of the claim requires Plaintiff to establish that, as a direct result of the defendants' actions, she sustained some damages, even if merely nominal damage. Because the record is devoid of evidence showing that Plaintiff suffered any damages, Defendants are entitled to judgment as a matter of law on this claim.

## VI.   Punitive Damages under FHA, ODHA, and OADA Claims.

As set forth in Jury Instruction Number 29 [Dkt. 76, p. 38], the Fair Housing Act permits a jury to award punitive damages for a plaintiff's FHA discrimination and retaliation claims if the jury finds in favor of a plaintiff, grants her compensatory or nominal damages, and a plaintiff shows, by the greater weight of the evidence, that the Defendants acted in reckless disregard of the federally protected rights of Ms. Watson and/or acted intentionally and with malice towards her.

Also as set forth in Jury Instruction Number 29 [Dkt. 76, p. 38], the ODHA and the OADA permits a jury to award punitive damages for a plaintiff's ODHA and OADA discrimination and retaliation claims if the jury finds in favor of a plaintiff, grants her compensatory or nominal damages, and a plaintiff shows, *by clear and convincing evidence*, that the Defendants acted in reckless disregard of the federally protected rights of Ms. Watson and/or acted intentionally and with malice towards her.

There is no evidence in the record to suggest that Defendants acted either in reckless disregard of Ms. Watson's rights or with actual malice towards Plaintiff. Indeed, the record shows that Ms. Arnold went above and beyond in an effort to comply with federal and state housing laws with respect to Ms. Watson and the others on the complex. As such, Defendants are entitled to judgment as a matter of law with respect to punitive damages.

**VII.   RA Section 504 Discrimination Claim: Refusal to Renew Lease and Requiring Personal Delivery of Rent.**

As set forth in Jury Instruction Number 19 [Dkt. 76, p. 26], Plaintiff had the burden of proving six essential elements to prevail on her RA Section 504 discrimination claims. Defendants assert that no reasonable jury could have found that Plaintiff set forth sufficient evidence with respect to the fifth (causation) and sixth (damages) elements of the claim.

**Causation:** The fifth element of the claim required Plaintiff to (1) establish that Defendants refused to renew Plaintiff's apartment lease and recertify her for housing *solely* on the basis of her disability and (2) Defendants required Ms. Watson to personally deliver her rent to the apartment's office *solely* on the basis of her disability.

With respect to subpart 1, as evidenced in Section 1, *supra*, Defendants provided a sufficient non-discriminatory, non-retaliatory business reason for not renewing Plaintiff's lease that had absolutely nothing to do with Plaintiff's disability, let alone was based solely thereon. So too with subpart 2. There is no evidence to suggest any requirement that Ms. Watson personally deliver her rent had anything to do with her disability, let alone was based solely thereon. As such, no reasonable jury could have found that Plaintiff met her burden with respect to this element of the claim.

**Damages:** The sixth element of the claim requires Plaintiff to establish that, as a direct result of the defendants' actions, she sustained some damages, even if merely nominal damage. Because the record is devoid of evidence showing that Plaintiff suffered any damages, even nominal damages, Defendants are entitled to judgment as a matter of law on this claim.

### VIII. CARES Act and ORLTA Claim.

As set forth in Jury Instruction Number 31 [Dkt. 76, p. 41], Plaintiff had the burden of proving by the greater weight of the evidence that Ms. Watson's tenancy did not expire on May 31, 2019, and as such, Ms. Watson was entitled to a 30-day notice under the CARES Act and a written notice of demand for payment of rent under the Oklahoma Residential Landlord and Tenant Act prior to filing the August 2020 FED Action.

Plaintiff's tenancy is governed by Oklahoma law. The Oklahoma Residential Landlord and Tenants states that "Unless earlier terminated under the provisions of the Oklahoma Residential Landlord and Tenant Act or unless otherwise agreed upon, a tenancy for a definite term expires on the ending date thereof without notice." 42 OKLA. STAT. § 111(C). Here, Plaintiff's last lease agreement that governed her tenancy terminated by its own terms on May 31, 2019. Pl's Ex. 35, attached hereto as Ex. 12. Moreover, Plaintiff was provided two notices prior to the expiration of Defendants' intention not to renew the lease. Exs 4 and 5. Finally, Plaintiff has failed to present evidence that the parties reached any different agreement with respect to the expiration of Plaintiff's tenancy. As such, Plaintiff was not entitled to additional notice prior to filing the 2020 FED proceeding. 42 OKLA. STAT. § 111(D).

### IX. Liability under the Oklahoma Consumer Protection Act.

As set forth in Jury Instruction Number 33 [Dkt. 76, p. 43], Plaintiff had the burden of proving four essential elements to prevail on her Oklahoma Consumer Protection Act Claims. Defendants assert that no reasonable jury could have found that Plaintiff set forth sufficient evidence with respect to each element.

**Unfair or Deceptive Trade Practice.** No reasonable jury could have found that the three suspect practices outlined by Plaintiff constituted unfair or deceptive trade practices as a matter of Oklahoma law.

**Refusing to Accept Rent in July 2019 and then Filing 2020 FED Action claiming Rent was Unpaid.** As set forth above, Ms. Arnold explained that she refused to accept rent, in accordance with Judge Bozarth's previous statements to her during the 2018 eviction proceeding, because she believed that Ms. Watson owed market rate rent and was attempting to tender less than that amount. Ex. 1, 247: 1–10. Ms. Arnold further explained that she filed the 2020 FED proceeding in order to correct an alleged defect with the affidavit initiating the 2019 proceeding. Ex. 1: 250: 3–11. Ms. Arnold testified that neither she nor her counsel prepared the 2020 affidavit, and that Ms. Arnold believed that Ms. Watson was not in lawful possession of the premises and owed market rate rent from the expiration of her lease agreement through the filing of the August 2020 affidavit. Ex. 1: 250: 16–25; 251:1–24. The conduct as explained by Ms. Arnold, in the absence of any additional evidence, in no way offends any established public policy, is immoral or unethical, or is intended to deceive Ms. Watson.

**Assessing and Demanding Late Fees from Plaintiff.** There is no evidence in the record to suggest that assessing and demanding late fees that were expressly contemplated in the Lease Addendum for General Terms signed by Ms. Watson, Pl's Ex. 32, attached hereto as Ex. 13, ¶ 25(A), is immoral, unethical, or were in anyway deceptive towards Ms. Watson. As such, no reasonable jury could have found that this was an unfair or deceptive trade practice as a matter of Oklahoma law.

**Concealing Rent Obligation was $300, not $309.** There is absolutely no evidence in the record even remotely suggesting that Defendants intentionally concealed information related to the utility change in 2019 that resulted in a $9 difference in Plaintiff's rental obligation. Ex. 1, 84:21–25; 85: 1–7. Even more so, Plaintiff provided no testimony on the subject, and there is no evidence suggesting that she was unaware of the change in the rent. This testimony alone does not support a claim that this practice is unfair or deceptive as defined in the Oklahoma Consumer Protection Act Claim.

**Injury in Fact and Unlawful Practice Caused her Injury.** No reasonable jury could have found that Plaintiff suffered any injury-in-fact or that she was injured because of an alleged unlawful practice. As provided throughout, Plaintiff provided no testimony or evidence showing how she was damaged by Defendants and what specific conduct caused said damage.

X. **Civil Penalty under Oklahoma Consumer Protection Act.**

As set forth in Jury Instruction Number 35 [Dkt. 76, p. 45], in the event that Ms. Watson has proven her OCPA claims, the jury may also award a civil penalty if it determines that the purported unfair or deceptive trade practices were unconscionable. Defendants assert that Plaintiff has failed to show that any of the three purported practices were unfair or deceptive as a matter of Oklahoma law. For the same reasons set forth in Section IX, Defendants assert that Plaintiff has failed to set forth any evidence showing that the three practices were unconscionable as defined by the Oklahoma Consumer Protection Act. Accordingly, Defendants assert that no reasonable jury would have found

that civil penalties were warranted by the evidence presented, and Defendants are entitled to judgment as a matter of law on this issue.

## **CONCLUSION**

Because no reasonable jury could have found that Plaintiff set forth sufficient evidence to support a finding in Plaintiff's favor with respect to all but one of Plaintiff's claims that were submitted to the jury, Defendants assert that they are entitled to judgment as a matter of law with respect to each issue and claim presented.

Respectfully submitted,

**KISTLER LEGAL GROUP PLLC**

By:   */s/ Lindsay N. Kistler*
Lindsay N. Kistler, OBA #32814
**KISTLER LEGAL GROUP PLLC**
2712 NW 55th Terrace
Oklahoma City, OK  73112
Telephone (405) 310-9209
Email: lindsay@kistlerlegalgroup.com
**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of June, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the Following ECF registrants:

Teressa L. Webster, OBA #30767
Legal Aid Services of Oklahoma, Inc.
824 W. Broadway
Muskogee, OK 74401
Teressa.webster@laok.org
**ATTORNEY FOR PLAINTIFF**

*/s/ Lindsay N. Kistler*